UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JULIUS V.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02558-JRS-TAB |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Reviewing the Commissioner's Decision**

Plaintiff Julius V. ("Mr. V.") protectively applied for a period of disability and disability insurance benefits ("DIB") on March 3, 2015, and applied for supplemental security income ("SSI") on July 30, 2015, from the Social Security Administration ("SSA"), alleging an onset date of October 1, 2001. (ECF No. 8-2 at 12.) Mr. V.'s applications were originally denied on February 3, 2016, (ECF No. 8-2 at 12), and upon reconsideration on June 1, 2016, (ECF No. 8-2 at 12).

On February 14, 2018, Administrative Law Judge Genevieve Adamo (the "ALJ') conducted a video hearing. (ECF No. 8-5 at 57–87.) Mr. V. amended his alleged onset date to July 30, 2015. (ECF No. 8-2 at 12.) In doing so, Mr. V. elected to withdraw his request for hearing on his DIB claim, and the ALJ dismissed Mr. V.'s DIB claim. (ECF No. 8-2 at 12.) The ALJ issued a decision on May 1, 2018, concluding that Mr. V. was not entitled to receive SSI. (ECF No. 8-2 at 24.) On May 1, 2019, the Appeals

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

Council denied review.  (ECF No. 8-2 at 2.)  On June 25, 2019, Mr. V. timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. §§ 405(g) and 1383(c).  (ECF No. 1.)

## I. Standard of Review

"The Social Security Act authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).  "The statutory definition of 'disability' has two parts.  First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity.  Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability.  The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted).  For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).  Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must accord the ALJ's credibility determination "considerable deference" overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

2

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II. Background

Mr. V. was fifty-eight years old at the time he applied for SSI. (ECF No. 10 at 5.) Mr. V. is a high school graduate and has no relevant past work experience. (*Id.*)[2]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Mr. V. was not disabled. (ECF No. 8-2 at 24.) Specifically, the ALJ found as follows:

- Mr. V. met the insured status requirements of the Social Security Act through December 31, 2006. (ECF No. 8-2 at 15.)

- At Step One, Mr. V. has not engaged in substantial gainful activity since August 30, 2015, the amended alleged onset date. (ECF No. 8-2 at 15.)

- At Step Two, Mr. V. had the following severe impairments: "carpal tunnel syndrome, degenerative disc disease, and obesity." (ECF No. 8-2 at 15.)

- At Step Three, Mr. V. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (ECF No. 8-2 at 18.)

---

[2] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

- At Step Three but before Step Four, Mr. V. had the RFC to "perform medium work as defined by 20 CFR 404.1567(c) and 416.967(c) except occasionally climbing ladders, ropes, or scaffolds; frequently climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; frequent handling and fingering with the bilateral upper extremities."  (ECF No. 8-2 at 19.)

- At Step Four, Mr. V. had no past relevant work, so transferability of job skills was not an issue.  (EFC No. 8-2 at 23.)

- At Step Five, relying on the vocational expert ("VE") and considering Mr. V.'s age, education, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform, including a dining room attendant, a hand packager, and a conveyor tender.  (ECF No. 8-2 at 23–24.)

### III. Discussion

Mr. V. raises three assignments of error, that (1) the ALJ stopped the case analysis at Step Two by erroneously concluding that Mr. V.'s obstructive sleep apnea was non-severe and used an improper excuse to justify that finding, (2) the ALJ failed to address Social Security Ruling (SSR) 16-3p and ignored evidence supporting Mr. V.'s subjective symptoms, and (3) the ALJ failed to include any reasoning for the ALJ's RCF and limitations.

*A. Sleep Apnea Conclusion*

Mr. V. contends that the ALJ erred in not finding that Mr. V.'s obstructive sleep apnea was severe.  Specifically, Mr. V. argues that remand is necessary to provide a thorough analysis of his sleep apnea and resulting fatigue, and the impact it has on his ability to maintain steady employment.

"As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process . . . . Therefore, the

step two determination of severity is 'merely a threshold requirement.'"  *Castile v. Astrue*, 617 F.3d 923, 926–27 (7th Cir. 2010) (quoting *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999)).  Here, the ALJ found three severe impairments.  However, the ALJ did not stop there during the Step Two analysis.  Contrary to Mr. V.'s assertions, the ALJ considered Mr. V.'s sleep apnea during the Step Two analysis, as well as during the ALJ's later analysis.  During the ALJ's Step Two analysis, the ALJ found:

> Regarding obstructive sleep apnea, sleep studies in 2008 and 2009 were abnormal and demonstrated findings consistent with severe obstructive sleep apnea.  He has been treated with a CPAP for this condition with periodic adjustments.  The claimant reported to the consultative examiner that he still gets sleepy despite using the CPAP, but the record does not reflect significant and ongoing problems with daytime somnolence or persistent memory/concentration deficits.

(ECF No. 8-2 at 16.)  Additionally, the ALJ considered evidence that Mr. V. declined a consultation with a nutritionist for obesity against his doctor's advice that weight loss would improve his sleep apnea, (ECF No. 8-2 at 21), evidence that Mr. V.'s medical records did not demonstrate significant or ongoing problems with day sleepiness or persistent memory or concentration deficits, (ECF No. 8-2 at 16), and evidence of drowsiness and daytime napping, (ECF No. 8-2 at 20–21).  Also, the ALJ "need not discuss every piece of evidence in the record."  *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004).

Mr. V. argues that the evidence shows his sleep apnea is severe.  To support his assertion, Mr. V. points to 20 C.F.R. §§ 404.1521(a) and 416.921(a).  Yet, the evidence shows the opposite.  Indeed, the regulations he cites support the ALJ's finding about Mr. V.'s sleep apnea, that:

> Overall, these conditions are well controlled with proper treatment and have not been demonstrated to result in significant symptoms warranting more than minimal work-related function limitations, even when considered with claimant's other medical conditions.

(ECF No. 8-2 at 16.)   Nothing in the record indicates that his treatment for sleep apnea was ineffective.   Moreover, even if Mr. V. is correct that there was an error during the ALJ's Step Two analysis, the error would be harmless because the ALJ evaluated Mr. V.'s severe and non-severe impairments when assessing the impact of his symptoms on his functioning.

*B. SSR 16-3p*

Mr. V. contends that the ALJ failed to address SSR 16-3p and ignored evidence supportive of Mr. V.'s subjective symptoms.   Specifically, Mr. V. asserts that the ALJ did not provide reasoning that Mr. V.'s statements were less than consistent with objective evidence.

The Seventh Circuit requires the Court to accord the ALJ's credibility determination considerable deference, overturning it only if is it patently wrong.   Reviewing courts examine whether a credibility determination was reasoned and supported; only when an ALJ's decision "lacks any explanation or support . . . will [the Court] declare it to be 'patently wrong.'"   *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008); *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) ("Only if the trier of fact grounds his credibility finding in an observation or argument that is unreasonable or unsupported can the finding be reversed.").   However, when the credibility determination rests on "objective factors or fundamental implausibilities rather than

subjective considerations, appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d, 863, 872 (7th Cir. 2000).

On March 28, 2016, SSR 16-3p (S.S.A Oct. 25, 2017), 2017 WL 5180304, at *2, became effective, replacing SSR 96-7p, and providing new guidance regarding how a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms are to be evaluated. Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." *Id.* The Seventh Circuit has explained that the "change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously administrative law judges will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). The standard used to review an ALJ's subjective symptom evaluation remains whether the assessment is patently wrong.

Here, the ALJ considered the appropriate regulatory factors and focused on determining the intensity and persistence of Mr. V.'s symptoms and their impact on his functioning. For instance, the ALJ considered whether objective medical findings corroborated Mr. V.'s allegation of concentration difficulties. (ECF No. 8-2 at 16.) Mr. V. asserts that the ALJ only considered medical evidence when assessing his symptoms; however, the ALJ considered additional evidence. For example, the ALJ considered that there was no evidence that Mr. V.'s previous employers documented problems with Mr. V. performing past jobs due to his symptoms, (ECF No. 8-2 at 21),

considered that his sleep apnea was diagnosed prior to his application for benefits, (ECF No. 8-2 at 16), and considered that Mr. V. declined to follow treatment that might have decreased his sleep apnea symptoms, (ECF No. 8-2 at 21).

Mr. V. also asserts that the ALJ discredited Mr. V.'s testimony. While the "credibility" language was erased from SSR 16-3p, the Seventh Circuit has opined that it is obvious that "administrative law judges will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole*, 831 F.3d at 412. Here, the ALJ considered a variety of valid factors when assessing Mr. V.'s symptoms. *See Curvin v. Colvin*, F.3d 645, 651 (7th Cir. 2015). The Court disagrees with Mr. V.'s assertions and finds that the ALJ's assessment was not patently wrong.

### C. The ALJ's Hypothetical

Mr. V. contends that the ALJ failed to include any reasoning for the ALJ's RCF and limitations. Specifically, Mr. V. asserts that because the ALJ did not include all limitations supported by medical evidence in the record, the hypothetical question posed to the VE was fundamentally wrong.

The ALJ's RCF must take all relevant evidence into account. 20 C.F.R. § 404.1545. Mr. V. argues that the ALJ never explained the rationale behind her RFC. This assertion is inaccurate. The RFC assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." SSR 96-8p (S.S.A July 2, 1996), 1996 WL 374184, at *7. The ALJ's assessment complied with SRR 96-8p. For example, the ALJ explained

that Mr. V.'s statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence or the record.  (ECF No. 8-2 at 21.)  The ALJ backed up this finding with the evidence, such as that there were no statements from Mr. V.'s employers to document that he had any problems, there were no clinical findings or recent images to support his testimony, that he did not stop smoking, that he declined consultations, that he had not been wearing his wrist splints, that his 2017 examination showed no neurological defects, that he had not had surgery, and that no treating clinician had indicated that he had problems with balance or required an assistive device.  (ECF No. 8-2 at 21.)

The ALJ's assessment also pointed to Mr. V.'s activities, such as preparing meals, performing household chores, selling artwork, using public transportation, walking a mile per day, and playing the guitar.  (ECF No. 8-2 at 22.)  Moreover, the ALJ gave great weight to the medical opinions of the two state agency physicians.  (ECF No. 8-2 at 23.)  In assigning little weight to the consultative examiner's opinion, the ALJ stated that the examiner's findings were inconsistent with the examiner's own opinion and the rest of the record.  *See Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015).  The ALJ sufficiently built an accurate and logical bridge from the evidence to her conclusion.  *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

Mr. V. also argues that the ALJ's hypothetical to the VE was fundamentally flawed because it was limited to the facts presented in the question.  The Court does not agree.  The hypothetical was not loaded with specific facts.  A hypothetical may be flawed when "the ALJ poses a series of increasingly restrictive hypotheticals to the

VE, because in such cases we infer that the VE's attention is focused on the hypotheticals and not the record." *O'Conner-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010).  Here, the ALJ's hypothetical was not restrictive; instead, the VE was asked to consider Mr. V.'s age, education, work experience, and RFC.  Moreover, the ALJ's hypothetical was not flawed for relying on the RFC, because the RFC was based on all relevant evidence in the record.

## Conclusion

For the foregoing reasons, the Court can find no legal basis presented by Mr. V. to reverse the ALJ's decision that Mr. V. was not disabled during the relevant period, and that decision is supported by substantial evidence in the record.  Therefore, the decision below is **AFFIRMED**.  Final judgment will issue accordingly.

**SO ORDERED**.

Date: __9/21/2020_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution through CM/ECF to all registered counsel of record.